# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **BRADLEY B. MEREDITH,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:15CV00502 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Bradley B. Meredith, Pro Se Petitioner.*

The petitioner, Bradley B. Meredith, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under a state court judgment entered against him in January 2010. The court conditionally filed the petition, notified the petitioner that it appeared to be untimely, and granted him an opportunity to provide any evidence or argument on that issue, which he has done. Upon review of the record, I conclude that the petition must be summarily dismissed as untimely filed under 28 U.S.C. § 2244(d).[1]

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

I.

Meredith was convicted after a bench trial in the Circuit Court for Fluvanna

County of possession of a firearm by a violent felon and sentenced to five years in

prison.  Judgment was entered against Meredith on January 28, 2010.  His appeal

to the Court of Appeals of Virginia was dismissed on June 11, 2010, and Meredith

did not seek review by the Supreme Court of Virginia.

Meredith states that he then filed a petition for a writ of habeas corpus in the

circuit court on October 3, 2012.[2]  He later tried to file an amended petition to

correct procedural issues, but his petition was withdrawn on March 28, 2013.  He

also filed a habeas petition in the Supreme Court of Virginia on February 11, 2013;

it was denied, and the court later denied a petition for rehearing on June 13, 2013.

On September 17, 2015, Meredith signed and dated his petition for a writ of

habeas corpus under 28 U.S.C. § 2254, and delivered it to prison authorities for

mailing to this court.  In his petition, Meredith alleges one ground for relief:  that

trial counsel offered deficient legal advice that caused Meredith to forego a

favorable plea agreement and resulted in conviction of an enhanced offense and a

---

[2]  Fluvanna County Circuit Court records available online do not show that
Meredith filed any habeas petition in October 2012.  These records indicate that Meredith
filed a state habeas petition on March 22, 2013, which was denied on August 29, 2013.
They also indicate that he filed a second petition on March 28, 2013, which was
withdrawn the same day.

greater mandatory minimum sentence of imprisonment than that offered by the rejected plea bargain.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. *See* 28 U.S.C. § 2244(d)(1)(A). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

When the Court of Appeals of Virginia dismissed Meredith's direct appeal on June 11, 2010, he had thirty days — until July 12, 2010 — to note an appeal to the Supreme Court of Virginia, Va. Sup. Ct. R. 5:14, but failed to do so. Accordingly, his convictions became final and his federal habeas filing period began to run on July 12, 2010. That one-year filing period expired on July 12, 2011. Meredith did not file his § 2254 petition until September 17, 2015, at the

-3-

earliest,[3] more than five years after his filing period ended.[4]  Thus, the petition is untimely under § 2244(d)(1)(A).

Meredith recognizes that he did not file his § 2254 petition within the one-year limitations period set forth in § 2244(d)(1)(A).  He argues that I should, nevertheless, address his habeas claims on the merits because he has allegedly shown that he was denied a substantial constitutional right to the effective assistance of counsel under *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).  He also asserts that his lack of counsel in his initial state habeas proceeding should serve to excuse his procedural default under § 2244(d)(1) or as grounds for equitable tolling, pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Subsection 2244(d)(1)(C) authorizes a later start date for Meredith's habeas filing period only if *Lafler* (i) created a "newly recognized" constitutional right (ii) on which Meredith's habeas claims rely (iii) which was made retroactive to cases

---

[3]  Under Rule 3(d) of the Rules Governing 2254 Cases, an inmate's habeas petition is considered to be filed on the date when he delivers it to prison authorities for mailing to the court.

[4]  Pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending.  Because Meredith did not file his state habeas petitions until after his federal filing period had expired, however, the pendency of the state petitions did not toll the federal period.  Meredith's petitions, filed more than a year after his direct appeal concluded, were also likely dismissed as untimely filed, and such "improperly filed" petitions do not toll the filing period under § 2244(d)(2).  *See* Va. Code Ann. § 8.01-654(A)(2) (giving one year from completion of criminal appeal to file state habeas action); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

on collateral review. However, *Lafler* fails to warrant belated commencement under § 2244(d)(1)(C) because this decision did not newly recognize a constitutional right; rather, it "simply discussed the constitutional right to effective assistance of counsel in the context of plea bargaining that defendants have enjoyed for decades." *Walker v. Hall*, No. 1:11CV128, 2014 WL 7272812, at *11 (M.D.N.C. Dec. 18, 2014) (internal quotations omitted, citing many other cases with same holding); *see also In re Graham*, 714 F.3d 1181, 1182 (10th Cir. 2013) ("[E]very circuit court to consider the question has held that *Frye* and *Lafler* do not establish a new rule of constitutional law."). In any event, Meredith filed his § 2254 petition more than one year after the *Lafler* decision was entered.

Meredith does not state any facts suggesting that he is entitled to statutory tolling of the limitation period under the other subsections of § 2244(d)(1), based on a constitutional impediment or newly discovered facts. *See* § 2244(d)(1)(B); § 2244(d)(1)(D). Therefore, I may only address the merits of Meredith's untimely filed § 2254 claims if he demonstrates grounds for equitable tolling of the limitation period.

Equitable tolling is only available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party." *Rouse v. Lee*, 339 F .3d 238, 246 (4th Cir. 2003). A "petitioner is entitled to equitable tolling only if he shows

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). When the failure to file a timely petition is a result of petitioner's own lack of diligence, equitable tolling is not appropriate. *Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect."); *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (finding petitioner's lack of diligence in pursuing federal remedy negates application of equitable tolling).

Meredith's arguments under *Martinez,* for excuse of his untimely filing, rest on his own pro se status and lack of knowledge about the law and the statute of limitations. His own legal training deficiencies were well known to him, and he simply failed to act with due diligence to alleviate them. Thus, these problems, intrinsic to the petitioner, cannot be sufficient grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding that inmate's pro se status and lack of legal knowledge do not justify equitable tolling).

Moreover, the *Martinez* decision did not recognize a cause or create a new basis for equitable tolling of a filing deadline. Rather, it addressed issues of exhaustion and procedural default of claims in a timely filed § 2254 petition, holding that "a procedural default" in state court proceedings under state law "will

not bar a federal habeas court from hearing a *substantial* claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320 (emphasis added). I simply find no basis under *Martinez* to excuse Meredith's untimely filing, merely because he did not have counsel during the federal filing period. *See, e.g., Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period.").

III.

For the reasons stated, I conclude that Meredith's § 2254 petition is untimely filed under § 2244(d), and that he fails to state facts warranting the invocation of equitable tolling. Accordingly I will summarily dismiss his petition.

A separate Final Order will be entered herewith.

DATED: December 3, 2015

/s/ James P. Jones
United States District Judge